**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN HENDERSON and<br>EUGENE HOFFMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>DETECTIVE JOSEPH MCCARTHY,<br>OFFICER BRIDGET BOYLAN, CHARLES<br>SIX JR., LIEUTENANT RICHARD SCOTT,<br>and the CITY OF CHICAGO,<br><br>    Defendants. | No. 14-cv-09905<br><br>Judge Andrea R. Wood |

## ORDER

Plaintiffs' motion to file corrected copy of amended complaint [27] is granted. The Court accepts Plaintiffs' "corrected" amended complaint [27-1]. The Clerk's Office is directed to separately docket the amended complaint attached as Exhibit A to Plaintiff's motion to file corrected copy of amended complaint [27-1]. Defendants' motion to dismiss Count II of the original complaint [16] is stricken as moot. Defendants shall have until 10/22/2015 to answer or otherwise respond to the amended complaint. In the event Defendants respond by filing a motion to dismiss, Plaintiffs shall have until 11/12/2015 to respond to the motion, and Defendants shall have until 11/30/2015 to file a reply. Status hearing previously set for 10/15/2015 at 9:00 AM remains firm.

## STATEMENT

Plaintiffs Brian Henderson and Eugene Hoffman filed their initial complaint in this action on December 10, 2014, asserting claims against City of Chicago police officers Richard Scott, Joseph McCarthy, Charles Six, Jr. ("Six Jr."), and Bridget Boylan ("Defendant Officers") for false arrest and due process violations pursuant to 42 U.S.C. § 1983. The original complaint also asserted a claim under 745 ILCS 10/9-102 for Defendant City of Chicago to pay any judgment against the Defendant Officers.

According to Plaintiffs' allegations, Charles Six Sr. ("Six Sr."), Henderson's landlord, illegally entered Henderson's apartment with another individual on December 17, 2012 and was asked to leave. After he left, Six Sr. called the police claiming to have suffered injuries. Hoffman, who is a Chicago police officer, arrived to investigate with another officer and ultimately determined that there was no probable cause to arrest Henderson. Six Sr., unsatisfied with that result, contacted his son, Six Jr., a Chicago police detective. Plaintiffs claim that Six Sr. then conspired with Six Jr. and the other Defendant Officers to arrest Henderson.

On February 18, 2015, the Defendant Officers and the City of Chicago (together, "Defendants") filed a motion to dismiss Count II of the complaint for failure to state a claim. (Dkt. No. 16.) Before the motion to dismiss was fully briefed, Plaintiffs sought leave to file an amended complaint, which would add three additional defendants and three additional claims. (Dkt. No. 22.) Defendants opposed the motion and the Court ordered briefing. The Court was unable to rule on the motion to amend, however, because on the same day that Plaintiffs filed their reply brief, they also filed another motion that they styled as a "motion to file corrected copy of amended complaint." (Dkt. No. 27.) In that motion, Plaintiffs claimed that they needed to "correct" the proposed amended complaint previously filed with their motion to amend because they only included three of the five additional claims that they intended to add. (Pl.'s Mot. at 1, Dkt. No. 27.) In light of the motion to file the "corrected" amended complaint, Plaintiff's first motion for leave to amend was stricken and the parties agreed that the briefing for that motion would be considered as directed toward the later filing and "corrected" amended complaint. (Dkt. No. 29.)

As an initial matter, the Court considers it somewhat disingenuous to refer to Plaintiffs' pending request for leave to assert two additional claims as a mere "correction," particularly when the request to file the "correction" was made over a month after the "incorrect" filing. The pending motion is better considered as a second successive motion to amend the complaint.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires." Defendants' opposition to the filing of the amended complaint focuses on the merits of the newly asserted claims, which they characterize as "futile" and "frivolous." But the Seventh Circuit has suggested that questions about the merits of a proposed amended complaint are best kept separate from questions about whether the proposed amendment should be allowed. *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558-59 (7th Cir. 2011). This Court agrees. Given the early stage of this case, the Court finds that the interests of judicial economy would best be served by allowing Plaintiffs' most recent proposed amended complaint to serve as the operative complaint, and for Defendants to respond to all of the claims Plaintiffs plan to assert once, rather than in piecemeal fashion. Plaintiffs are cautioned, however, that no further amendments will be permitted until after the parties have fully briefed, and the Court has ruled upon, any motions to dismiss directed toward the amended complaint. Furthermore, Defendants have made clear that they believe Plaintiffs have violated Federal Rule of Civil Procedure 11 in bringing the amended complaint (and the initial complaint, for that matter) without a good faith basis. To the extent Defendants prove to be correct and seek sanctions pursuant to that rule, the Court will keep in mind the additional expenses resulting from the aborted motion to dismiss briefing.[1]

---

[1] At this stage, the Court has no opinion regarding Defendants' allegations of Rule 11 violations.

As the Court is permitting the requested "correction," which will result in additional claims being added to this action, Defendants' previously filed motion to dismiss is stricken as moot. The Court's ruling is without prejudice to Defendants reasserting the arguments in their original motion to dismiss as well as the challenges to Plaintiffs' claims discussed in their opposition to the motion for leave to amend.

Dated: September 30, 2015

_____
Andrea R. Wood
United States District Judge