# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HENDERSON and <br> EUGENE HOFFMAN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No. 14-cv-09905 |
| v. | ) <br> ) | Judge Andrea R. Wood |
| JOSEPH MCCARTHY, et al., | ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Henderson claims that after an incident with his landlord, the landlord's son, who is a City of Chicago police officer, conspired with other police officers to have Henderson arrested and prosecuted on false charges. Plaintiff Eugene Hoffman, another Chicago police officer, claims that his employer retaliated against him for failing to go along with the conspiracy. Together, Henderson and Hoffman assert various federal and state law claims based on the actions allegedly taken against them. Now before the Court is a motion to dismiss certain of those claims: Henderson's claims against the three arresting officers, who were named in this lawsuit for the first time in the Amended Complaint; Henderson's due process claims against the police officer defendants for allegedly fabricating evidence against him; and both Plaintiffs' claims against the City of Chicago ("City") for violations of their constitutional rights. For the reasons explained below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following account of the events leading to this action is taken from Plaintiffs' Amended Complaint.[1]

On December 17, 2012, Henderson was at home in his Chicago apartment with his girlfriend and their minor daughter when his landlord and another person entered the apartment "illegally." (Am. Compl. ¶¶ 12, 13, Dkt. No. 35.) Henderson asked them to leave. (*Id.* ¶ 14.) The landlord left "reluctantly" and Henderson closed the door to the apartment. (*Id.* ¶ 15.) Henderson's landlord then called the police and reported that he had been struck in the chest and chin and had suffered a bruised back and cut lip. (*Id.* ¶ 16.) Hoffman responded to the call along with another officer, Susan Heneghan. (*Id.* ¶ 17.) The landlord did not report any injuries and the officers observed none. (*Id.* ¶ 18.) The officers also talked to Henderson and his girlfriend. (*Id.* ¶¶ 19-25.) They found no probable cause to arrest Henderson. (*Id.* ¶ 26.)

The landlord and his son, Defendant Charles Six, who is also a Chicago police officer, then went to a district police station and, according to Plaintiffs, fabricated a version of the incident intended to lead to Henderson's arrest. (*Id.* ¶¶ 28–29.) Specifically, Plaintiffs claim that Defendants Six, Joseph McCarthy, Bridget Boylan, Richard Scott, Kimberly Otten, Kenneth Kamien, and Gerald Koch—all of whom are police officers—conspired together to produce false police reports despite knowing that there was no probable cause for Henderson's arrest. (*Id.* ¶¶ 29, 31.) Henderson was arrested on December 17, 2012. (*Id.* ¶ 37.) Defendant Scott later suspended Hoffman without pay because of Hoffman's failure to arrest Henderson and also "took other measures" to keep Hoffman from speaking about the other Defendants' actions against Henderson. (*Id.* ¶ 34.)

---

[1] For purposes this motion, the Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of Plaintiffs. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

Plaintiffs subsequently filed a seven-count complaint with this Court. Count I asserts a claim under 42 U.S.C. § 1983 asserting that Henderson's false arrest violated his rights under the Fourth Amendment to the United States Constitution. In Count II, Hoffman seeks relief under § 1983 for Defendants' alleged conspiracy to deprive him of a property interest. Count III asserts a claim under § 1983 alleging that Defendants deprived Henderson of his liberty without due process through the fabrication of police reports used as a basis for his arrest. Count IV seeks relief under § 1983 on Hoffman's behalf for deprivation of protected employment interests without due process. Count V alleges that Hoffman's First Amendment rights were violated by the retaliation against him or, alternatively, that the alleged retaliation violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Count VI seeks to impose municipal liability upon the City for the § 1983 claims, while Count VII asserts a claim against the City for indemnification under Illinois law. And finally, Count VII asserts a claim against all Defendants for malicious prosecution under Illinois common law. In the present motion, Defendants contend that all claims against Otten, Kamien, and Koch must be dismissed as untimely. Defendants also argue that Henderson's due process claim for evidence fabrication and the § 1983 claims against the City fail to state claims for relief.

## DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a Rule 12(b)(6) motion, a complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* All well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Hatmaker*

*v. Mem'l Med. Ctr.,* 619 F.3d 741, 742–43 (7th Cir. 2010). Mere recital of the elements of a cause of action supported only by conclusory statements, however, is not sufficient to state a claim for relief. *Camasta,* 761 F.3d at 736.

    I.      **Untimeliness of Claims against Newly-Added Defendants**

Defendants Otten, Kamien, and Koch contend that the claims against them are untimely and therefore must be dismissed.

The validity of a statute of limitations defense may be determined at the motion to dismiss stage if the allegations of the complaint unambiguously establish the relevant dates. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Here, the Amended Complaint alleges that Henderson was arrested on December 12, 2012. (Am. Compl. ¶ 12, Dkt. No. 35.) The statute of limitations for Henderson's § 1983 claims is two years. *See Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001). Thus, Henderson should have filed any such claims by December 12, 2014. Yet Plaintiffs' initial complaint, filed on December 10, 2014, did not name Otten, Kamien, or Koch. (*See* Compl., Dkt. No. 1.) Instead, those three Defendants were not named until Plaintiffs' motion for leave to amend their complaint, which was filed on March 26, 2015, *i.e.*, over three months after the limitations period for any claims arising from the arrest had run. (*See* Dkt. No. 22.)

Plaintiffs argue that Henderson's § 1983 claims did not accrue until after the criminal charges brought against him were resolved in his favor on March 25, 2014 (which would extend the filing deadline to March 25, 2016). But while Henderson's state law malicious prosecution claim did not accrue until his criminal proceedings in state court were terminated in his favor, *see Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (2004), Seventh Circuit precedent clearly establishes that false arrest claims accrue on the arrest date. *See, e.g.*, *Serino v. Hensley*, 735 F.3d

4

588, 591 (7th Cir. 2013) (citing *Wallace v. Kato,* 549 U.S. 384, 393 (2007)).[2] Similarly, Hoffman's § 1983 claim that Defendants Otten, Kamien, and Koch conspired against him as a result of his refusal to go along with the false arrest and caused him to be suspended and otherwise punished (Count II) accrued at the time of those acts; there is no legal basis to suspend the running of that statute of limitations until Henderson's criminal prosecution was terminated.

Plaintiffs alternatively contend that Henderson's § 1983 claims against Defendants Otten, Kamien, and Koch were timely because they relate back to the filing date of the original complaint. An amended pleading that changes or adds a party against whom a claim is asserted relates back to the date of the original pleading if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading, and the party to be added (1) received such notice of the action that it will not be prejudiced in defending on the merits, and (2) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). Under this Rule, "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (quoting *Rendall–Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). In considering a Rule 15(c)(1)(C) relation-back argument, a district court must assess, "[first,] whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second,

---

[2] For reasons discussed below, Hoffman's §1983 due process claim in Count III fails as a matter of law as to all Defendants for reasons wholly apart from any statute of limitations problem and thus it need not be discussed here.

whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph,* 638 F.3d at 559-60.

The existence of a "mistake" by the plaintiff has been construed as "a threshold requirement" in the relation-back analysis. *Pierce v. City of Chi.*, No. 09-cv-1462, 2010 WL 4636676, at *2 (N.D. Ill. Nov. 8, 2010) (citing *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000) and *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir.1998)). Lack of knowledge of the role played by a defendant prior to the expiration of the limitations period is not a "mistake" for relation-back purposes. *Baskin*, 138 F.3d at 704; *Lally v. City of Chi.*, No. 10-cv-5011, 2011 WL 2670077, at *3 (N.D. Ill. July 7, 2011); *Vodak v. City of Chi.*, No. 03-cv-2463, 2006 WL 1049736, at *3 (N.D. Ill. Apr. 19, 2006). But the information in the plaintiff's possession is relevant if it bears on the defendant's understanding of the plaintiff's intentions. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).

In the present case, Plaintiffs concede that they were aware at the time of the filing of their original complaint that the three officers omitted from the original complaint and added by the amendment were the ones who had arrested Henderson. (*See* Pls.' Resp. at 3, Dkt. No. 39-1.) Despite this knowledge, Plaintiffs elected to pursue other officers—Defendants Scott, McCarthy, Boylan, and Six. The knowing choice to omit the known arresting officers cannot be considered a mistake for purposes of the relation-back analysis. This choice also precludes any inference that the newly-added parties knew or should have known that Plaintiffs intended to pursue claims against them. The Court therefore cannot find that the claims against Defendants Otten, Kamien, and Koch in the Amended Complaint relate back to the filing of the original complaint.

Defendants' motion is accordingly granted as to the § 1983 claims against Defendants Otten, Kamien, and Koch. Since Defendants do not argue that the limitations period for the state

law malicious prosecution claim expired before Plaintiffs sought to amend their complaint, the motion to dismiss the claims against Defendants Otten, Kamien, and Koch is denied as to Count IX of the Amended Complaint.

## II. Section 1983 Claims against the City of Chicago

Plaintiffs seek to impose liability on the City under § 1983 for the officer defendants' alleged constitutional violations. Such liability cannot be imposed on a *respondeat superior* theory; rather, a plaintiff may recover from a municipal entity for a § 1983 violation only if the injury is caused by the municipal entity's policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A policy or custom that would subject a municipal entity to § 1983 liability may be established by (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a "wide-spread practice" that although not authorized by written law and express policy is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) a constitutional injury caused by the actions of a person with final policy-making authority. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

In this case, Plaintiffs do not allege that their injuries were caused by an express policy or by the decision of a policy-maker. Instead, they allege that the City "engaged in and continues to engage in a policy, pattern, custom or practice of unconstitutional conduct by forcing police officers to make unconstitutional arrests." (Am. Compl. ¶ 56, Dkt. No. 35.) Plaintiffs further allege that other officers were reprimanded for failing to make unconstitutional arrests, that the City disciplined "plaintiffs similarly situated" for failing to detain citizens without basis, and that it would continue to discipline officers who refused to make unconstitutional detentions. (*Id.* ¶¶ 57-58.)

Mere boilerplate allegations of the existence of a pattern, custom, or widespread practice of unconstitutional conduct are insufficient to state claims for municipal liability under § 1983, however. This principle has been invoked in this Circuit to dismiss conclusory claims for municipal liability under the pleading standard delineated by *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), which disapproved dismissal for failure to state a claim unless it appeared that the plaintiff could prove no set of facts which would entitle him to relief. In *Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir. 1985), for example, the Seventh Circuit affirmed the dismissal of a complaint that alleged multiple examples of customs and practices of permitting police misconduct. The court noted that the plaintiff had pleaded "no facts to support this charge, apart from those surrounding his own unlawful arrest and physical injury." *Id.* at 766. The court then proceeded to affirm the lower court's dismissal of the plaintiff's complaint for failure to state a claim "because he has alleged no facts to suggest that the policies of which he complains actually exist." *Id.* at 767.

Conclusory claims of municipal liability under § 1983 have fared no better since the pleading guidance provided by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). In *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011), the Seventh Circuit explained, "[w]e have interpreted *Twombly* and *Iqbal* to require the plaintiff to provide some specific facts to support the legal claims asserted in the complaint." *Id.* at 616. The *McCauley* court reviewed the dismissal of a complaint that alleged that the City "at the level of official policy, practice, and custom" had "authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint . . . had interrelated *de facto* policies, practices, and customs." *Id.* at 617. In so doing, the court remarked that, "[t]hese are the legal elements of the various claims

McCauley has asserted; they are not factual allegations and as such contribute nothing to the plausibility analysis under *Twombly/Iqbal." Id.* at 618.

Accordingly, courts in this District have routinely found conclusory allegations of policies, customs, and practices insufficient to state claims for relief against municipal entities under § 1983. *See, e.g., White v. City of Chi.*, No. 11-cv-7802, 2014 WL 958714, at *3 (N.D. Ill. Mar. 12, 2014) (dismissing *Monell* claim where "Plaintiff has pleaded no facts that support a reasonable inference that the City engaged in a widespread practice that is so permanent and well-settled that it constitutes a custom or practice"); *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 792 (N.D. Ill. 2013) (dismissing *Monell* claim where "[t]he complaint's allegations amount to nothing more than conclusory boilerplate"). Plaintiffs' complaint here is similarly deficient. It cites no facts that would support an inference of a sufficiently widespread practice or custom to impose liability upon the City for their § 1983 claims. Thus, Defendants' motion to dismiss is granted as to Count VI of the Amended Complaint.

### III.  Due Process Claim for Evidence Fabrication

Count III of Plaintiffs' Amended Complaint alleges that Henderson was denied due process by the use of fabricated evidence to cause his arrest and prosecution. In their motion, Defendants contend that Seventh Circuit law forecloses this claim.

The parties dispute whether a plaintiff who, like Henderson, was not convicted in a state criminal proceeding may nonetheless bring a § 1983 claim for due process violations based on the fabrication of evidence used as a basis for his prosecution. In this District, judges have reached arguably different conclusions on this issue. *Compare White v. City of Chi.*, No. 14 C 9915, 2016 WL 640523 (N.D. Ill. Feb. 18, 2016), *with Sumling v. Vill. of E. Dundee*, No. 14 C 3794, 2015 WL 5545294 (N.D. Ill. Sept. 18, 2015).

9

Plaintiffs correctly note that the Seventh Circuit has generally recognized the potential viability of a due process claim for the deprivation of liberty caused by a defendant's evidence-related misconduct even where the injured party was not convicted. "Though the most common liberty deprivation cases are based on post-trial incarceration after a wrongful conviction, the essential elements of this constitutional claim are more general and not limited to wrongful convictions." *Armstrong v. Daily*, 786 F.3d 529, 551 (7th Cir. 2015) (citing *Fields v. Wharrie,* 740 F.3d 1107, 1112 (7th Cir. 2014) ("[T]he fabrication of evidence harmed the defendant before and not just during the trial, because it was used to help indict him.")). But Plaintiffs have identified no Seventh Circuit precedent in which this general acknowledgement of such potential claims resulted in a ruling that a due process evidence fabrication claim may be brought despite the existence of an adequate state law remedy.

In *Julian v. Hanna,* 732 F.3d 842, 845 (7th Cir. 2013), the Seventh Circuit, in reviewing a claim that the plaintiff's due process rights were violated by the fabrication of evidence, explained that relief under § 1983 was available only in the absence of an adequate state law remedy. The Seventh Circuit observed that other courts of appeals permitted such federal claims without regard to the existence of a state law remedy but explicitly declined to adopt that approach for this Circuit. *Id.* at 846. The court noted that the generally available state law remedy for a malicious prosecution engineered by police officers would be a malicious prosecution action for damages. *Id. See also Serino v. Hemsley,* 735 F.3d 588, 592 (7th Cir. 2013) (confirming that "the existence of an adequate *state* remedy for the plaintiff's injury eliminates the need for federal intervention via § 1983") (emphasis in original). In *Julian,* the court reversed the dismissal of the plaintiff's due process claim because Indiana law did not provide an adequate remedy for his damages. *Julian*, 732 F.3d at 846-47.

Plaintiffs make no claim of inadequacy of the Illinois malicious prosecution remedy here. Indeed, their Amended Complaint asserts just such a claim in Count IX. Accordingly, the Court concludes that Count III of Plaintiffs' complaint fails to state a claim for relief and grants Defendants' motion to dismiss that claim.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss is granted in part and denied in part. The motion is granted with respect to Count III against all Defendants; Counts I, II, and VIII against Defendants Otten, Kamien, and Koch; and the *Monell* claims in Counts V and VI against the City of Chicago. The motion is denied with respect to the remaining claims, including the malicious prosecution claims against Defendants Otten, Kamien, and Koch in Count IX. Since it is not apparent that Plaintiffs cannot re-plead Counts V and VI to state a viable claim for relief, the dismissal as to those counts is without prejudice.

ENTERED:

Dated: September 20, 2016

_____

Andrea R. Wood
United States District Judge