1
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
2
EASTERN DIVISION

3    BRIAN HENDERSON, et al.,                )

4                      Plaintiffs,           )
                                             )
5              -vs-                           )   No. 14 C 9905
                                             )
6    CITY OF CHICAGO, et al.,                )   Chicago, Illinois
                                             )   March 30, 2017
7                      Defendants.           )   9:00 a.m.

8
                    TRANSCRIPT OF PROCEEDINGS
9          BEFORE THE HONORABLE ANDREA R. WOOD

10   APPEARANCES:

11   For the Plaintiffs:    LAW OFFICES OF SCOTT T. KAMIN
                            53 West Jackson Boulevard
12                          Chicago, Illinois  60604
                            BY:  MR. SCOTT KAMIN
13
     For the Defendant:     CITY OF CHICAGO, DEPARTMENT OF LAW
14                          30 North LaSalle Street
                            Chicago, Illinois  60602
15                          BY:  MR. BRET ANTHONY KABACINSKI

16

17            COLETTE M. KUEMMETH, CSR, RMR, FCRR
                    OFFICIAL COURT REPORTER
18                219 South Dearborn Street
                         Room 1928
19               Chicago, Illinois  60604
                      (312) 554-8931
20

21

22

23

24

25

1        (Proceedings heard in open court:)

2        THE CLERK:  Case 14 CV 9905, Henderson versus City

3  of Chicago.

4        MR. KAMIN:  Good morning, your Honor.  Scott Kamin

5  for the plaintiffs.

6        MR. KABACINSKI:  Good morning, your Honor, Bret

7  Kabacinski for the defendants.

8        THE COURT:  Good morning.  So I got a motion that

9  was filed yesterday for an extension of fact discovery.

10  Doesn't provide a lot of detail in terms of what's been done

11  and why there is a need for more time, so perhaps the parties

12  can explain.

13        MR. KAMIN:  I'll explain a little of the

14  background, your Honor.  The parties have exchanged probably

15  most of the written discovery, but it hasn't come through

16  yet.  The -- no depositions have been taken yet.  I emailed

17  counsel a couple weeks ago about taking two depositions.  I

18  never received a response back.  The -- I wasn't tendered

19  26(a)(1) disclosures until two weeks ago as well, so I didn't

20  -- I mean, discovery is starting to proceed forward.

21        THE COURT:  I'm sorry.  Are you stating that there

22  are things that are late because defense counsel should have

23  served 26(a)(1) disclosures earlier, should have served

24  discovery responses earlier, but has not done so?

25        MR. KAMIN:  All I'm saying is if they had then

1    maybe we would be further along in discovery.  I'm

2    anticipating defense counsel's response.  With that, I mean,

3    I think that makes it -- the issue is a little bit more

4    complex now.  I just think that we're a little bit -- running

5    a little bit behind in discovery.  I don't even -- I don't

6    know their -- the defense intends to take any depositions.

7    They indicated they were going to file a motion for summary

8    judgment based on what -- the limited discovery we had

9    before.  I don't know.

10          THE COURT:  How many depositions does the plaintiff

11   intend to take?

12          MR. KAMIN:  Well, I was going to take those two

13   depositions first and see whether I would rest on that or ask

14   you for more time.  Since that hasn't happened, I don't know.

15   I'm planning on -- if this request is granted, taking the

16   depositions that I need, which I don't expect to be more than

17   four depositions, perhaps five.

18          MR. KABACINSKI:  Your Honor, if I may respond to

19   what plaintiff has put forward.

20          THE COURT:  Please do.

21          MR. KABACINSKI:  I believe it to be completely

22   misleading.  Defendants propounded written discovery requests

23   on plaintiff in a timely manner.  We propounded 26(a)

24   disclosures in a timely manner.  I don't have the date in

25   front of me because I didn't know that I would have to have

1   that for today.  Discovery in this case opened in October of

2   2015.  And the first written discovery requests we got from

3   plaintiff's counsel came in to our office Tuesday at 11:00

4   o'clock at night.

5              THE COURT:  This week.

6              MR. KABACINSKI:  Of this week.  And I have the

7   email that they came into our office with.  They're

8   completely untimely.  And we called plaintiffs' counsel, or

9   the person that sent them to us, this Mr. Bruno that was

10  acting on behalf of plaintiffs' counsel, yesterday to let

11  Mr. Bruno know that they were untimely and that we would be

12  objecting to them.  And he said that he would talk to

13  Mr. Kamin.  And I didn't receive a response on that.

14             Mr. Kamin never contacted us about this motion.  We

15  object to this motion.  I don't believe this motion sets out

16  any grounds to extend discovery.  It's true that most written

17  discovery is outstanding, but that's because he never

18  responded to any of ours, which was timely, and we obviously

19  haven't responded to his because we got it 36 hours ago.

20             No depositions have been taken.  He did email me at

21  the beginning of last week asking for dates.  I haven't been

22  able to get in touch with some of these people, because this

23  case is almost three years old and some of them aren't local

24  anymore.  And it's simply -- and my schedule and my

25  co-counsel's schedule simply wouldn't have accommodated a

1    deposition this week, because my co-counsel, Mr. Barnett, is

2    on preparation for a trial starting in state court Monday,

3    and I've had depositions this week myself.

4            So the fact is plaintiff has not tried to even

5    start with discovery in this case until, at the latest -- I'm

6    sorry, at the earliest, last week.

7            THE COURT:  Okay.  So let me ask this:  What, if

8    any, additional discovery do the defendants want?  Do you

9    join in a request for more time?  Do you need more time to

10   take discovery?

11           MR. KABACINSKI:  No, your Honor.  We do not.

12           THE COURT:  Are there any depositions that you

13   intend to take?

14           MR. KABACINSKI:  No, your Honor.

15           THE COURT:  Is there any additional written

16   discovery?  Now, I know that there was an issue earlier with

17   respect to requests to admit that were deemed admitted

18   because there were no responses.

19           MR. KABACINSKI:  Yes.

20           THE COURT:  I did see that there was a certificate

21   of service that was filed.  I guess that was just by

22   plaintiffs' counsel?

23           MR. KAMIN:  Correct, your Honor.  The defense

24   tendered a second set of requests to admit and we responded

25   to them.

1     THE COURT: Okay. So is there any outstanding
2   written discovery from the defendants to the plaintiffs here?
3     MR. KABACINSKI: Yes, your Honor. We propounded
4   both interrogatories and requests to produce, and neither one
5   has been responded to. However, in the absence of responses
6   to either of those, we would still be prepared to move for
7   summary judgment. The only thing delaying that has been
8   getting affidavits from witnesses that, like I said, are no
9   longer local, because they retired in the Chicago Police
10  Department, and we've just been having a hard time getting in
11  touch with them to be able to sign these affidavits.
12    THE COURT: So your position is that you would
13  prefer to have discovery closed, and not follow up on getting
14  those responses and work with what you have --
15    MR. KABACINSKI: Correct.
16    THE COURT: -- than have an extension that your
17  clients could benefit from as well.
18    MR. KABACINSKI: Yes.
19    THE COURT: So Mr. Kamin, the discovery cutoff is
20  tomorrow, and yet I'm hearing you did not serve any discovery
21  until this week. You did not consult with defense counsel
22  about asking for an extension of discovery. Why should I cut
23  you any slack here?
24    MR. KAMIN: You shouldn't -- well, I was waiting
25  for a response from the defense that it's -- I don't see that

being cutting me any slack.  I see that I am requesting an

extension for discovery because I didn't hear --

THE COURT:  Waiting for a response on what?

MR. KAMIN:  On dates for holding a deposition.

Otherwise we would have simply been in court asking to compel

them to be deposed.

THE COURT:  When did you make the request for

deposition dates?

MR. KAMIN:  On the 15th.

THE COURT:  Of this month.

MR. KAMIN:  This month.

THE COURT:  So with two weeks left in the discovery

period.

MR. KAMIN:  Well, shortly after I got the 26(a)(1)

disclosures.

THE COURT:  Why were the 26(a)(1) disclosures

served so late?

MR. KABACINSKI:  I don't believe that they were,

your Honor.  I dispute that entirely.  I don't have them in

front of me, I don't have the certificate of service, but I

would be happy to file it with the Court.

It's my understanding that 26(a)s were issued very

early in the case, and maybe even before my appearance was

filed.  I came in the case about ten months ago.  I know

discovery, like I said, has been open in the case since

1   October of 2015.  So I can go back to my office and check on

2   that and follow up on that because I don't have the date in

3   front of me right now, but I simply don't think that's

4   correct.  And I know for a fact that I did not issue any

5   26(a) disclosures in the last two weeks.

6           THE COURT:  Mr. Kamin, who are the two witnesses

7   for whom you requested depositions two weeks ago?

8           MR. KAMIN:  Lieutenant Richard Scott and Officer

9   Bridget Boylan.

10          THE COURT:  So what about the other -- isn't there

11  at least one other named defendant here?

12          MR. KAMIN:  Yes, your Honor.  There are.  I

13  believed that the -- those witness would provide information

14  that would determine which -- who I needed to be -- whether

15  those would all be -- continue to be defendants who I pressed

16  for, would provide the evidence against those defendants, I

17  would need to ask for more time to depose those defendants.

18  But those would be the starting point.

19          THE COURT:  Okay.  There was previously some

20  suggestion by defense counsel that there might be a Rule 11

21  motion coming.

22          MR. KABACINSKI:  Yes, your Honor.

23          THE COURT:  What's the status of that?

24          MR. KABACINSKI:  So the status of that is that we

25  have sent a letter to Mr. Kamin outlining our position that

1    this lawsuit, especially with respect to Eugene Hoffman, is

2    simply frivolous, that Mr. Hoffman has no substantive due

3    process right to employment.  He got all the procedural due

4    process that he was due, and he has no substantive due

5    process right.  Which is now plaintiff's theory in the case.

6         Subsequent to our filing a summary judgment motion,

7    if we prevailed on that, we would be moving for sanctions.

8         THE COURT:  Mr. Kamin, I asked you this before, but

9    knowing that that is at least being contemplated on the other

10   side, do you have any interest in trying to resolve the

11   matter without getting to that state?

12        Part of the Rule 11 process is it does give you an

13   opportunity to withdraw whatever pleading it is that the

14   defense has a concern about.  There is an opportunity to try

15   to resolve the issue without getting to the point of

16   sanctions.  I don't know whether this is a case where any

17   sanctions are going to be appropriate, I haven't looked at

18   anything, I'm not going to express an opinion on that.  But I

19   am concerned about just the course that these proceedings are

20   going on here.

21        MR. KAMIN:  The -- I'm not interested in any --

22   reaching any sort of agreement about Rule 11 sanctions at

23   this point, your Honor.  I don't think they're going to be

24   appropriate.

25        THE COURT:  Dismissing any of the defendants if

1  this is a concern that's specifically with respect to which

2  of the defendants?

3  MR. KABACINSKI:  With Plaintiff Hoffman, that

4  Plaintiff Hoffman's theory is simply frivolous.

5  THE COURT:  But no discussion with your client as

6  to whether Mr. Hoffman in particular should be proceeding

7  with his claims?

8  MR. KAMIN:  Correct, your Honor.  I don't agree

9  with that at all.  If I'm permitted to take the depositions

10  of the people and that indicates that there aren't

11  appropriate defendants then I would be interested in

12  dismissing those defendants.  That is correct, your Honor.

13  So that's certainly true.

14  THE COURT:  How extensive was the written discovery

15  that was served this week?

16  MR. KABACINSKI:  It consisted of -- I have it in

17  front of me here.  It consisted of, I believe, 11 or 12

18  requests to produce.  Many of them are just the standard

19  requests to produce that these cases involve.  Some of them

20  do seem somewhat broad, you know, any and all documents

21  related to Eugene Hoffman.  I assume that's any document that

22  is with his employment with the Chicago Police Department,

23  which could be voluminous.  But, you know, I think they're

24  fairly standard, but like I said, we got them two days ago

25  and I haven't had a chance to evaluate them.

1          THE COURT:  Are there interrogatories as well?

2          MR. KABACINSKI:  No.  All we received were the

3    requests for production.

4          THE COURT:  Okay.  This case is getting a little

5    long in the tooth.  I am concerned that there doesn't seem to

6    have been any effort to advance discovery by the plaintiffs

7    until two weeks ago, and that's being somewhat generous,

8    because that's when the request was made for depositions.

9          The defense is prepared to stand on the discovery

10   that they have, which doesn't seem to be very much, but

11   they're certainly entitled to do that.  I'm not inclined to

12   cut off all avenues of discovery here, but I also don't think

13   it's fair to just say that the deadline that was set is

14   meaningless and to just move it when there hasn't been any

15   showing that there was any hardship or circumstance in the

16   past several weeks or months that discovery should have been

17   ongoing that's preventing more from happening here.

18         So what I'm inclined to do is extend discovery for

19   a period of 30 days for the purpose of allowing the discovery

20   that was requested within the period to be responded to.  And

21   that's it.  So the defendants will respond to the written

22   discovery that was served.  These two depositions that were

23   requested who are of the defendants --

24         MR. KAMIN:  Yes.

25         THE COURT:  -- can be scheduled and go forward

1   within that 30-day period.  I don't typically like one-sided

2   discovery.  So if there is going to be an additional 30-day

3   period of discovery, is there something that the defense

4   would seek to have during that time period?  Have you deposed

5   the plaintiffs?

6       MR. KABACINSKI:  We have not, your Honor.  We don't

7   really have any interest in doing so.  If we could get our

8   written discovery answered, that would be sufficient for us.

9   But I'll talk to my co-counsel.  If we do want to depose at

10  least Plaintiff Henderson, because like I said, I think

11  plaintiff Hoffman's theories are completely frivolous.  We

12  don't need his deposition.  So that would be the only

13  deposition we would want.

14      THE COURT:  So given that you have outstanding

15  written discovery, on the same theory that I'm going to allow

16  the plaintiffs to pursue the discovery that they did at least

17  timely seek during -- well, not timely, seek before the

18  deadline, I should say, my expectation is that that will be

19  responded to, the written discovery.

20      So what I'd like the parties to do is to agree upon

21  a schedule for responses to the outstanding written discovery

22  to be exchanged and for the depositions of the two parties

23  for whom depositions were requested before the close of the

24  discovery period.  The parties will have until April 28th,

25  which is basically the entire month of April, in order to

1  complete that discovery.

2  At this point you should expect that discovery is

3  going to be closed on April 28th. I'll bring the parties in

4  for a status hearing. I'd like to hear whether there have

5  been any issues in getting this discovery completed.

6  Although I'm loathe to do so, if it turns out that

7  there are no problems during the next 30 days, and if there

8  is something that comes out of this discovery that indicates

9  that there would be a true miscarriage of justice here in not

10  allowing some discovery before the case is resolved, I may

11  consider allowing some additional limited discovery before we

12  get to the merits. However, under the present circumstance

13  and what I've seen of the course of discovery so far, my

14  expectation is that once the outstanding discovery is

15  responded to and taken, discovery will close at the end of

16  April and we'll be talking about next steps.

17  MR. KAMIN: Okay.

18  THE COURT: Okay? But I will bring the parties

19  back in at the beginning of May. Mr. Kamin, if you want to

20  try to come in and make a compelling argument for why you

21  need to talk to the defendants, who I would think would be

22  the first depositions you would have tried to notice up, you

23  can come armed to do that, but be well-prepared, and part of

24  that will be showing that you have been diligent in following

25  up on and providing the discovery that's been explicitly

1  allowed today, because up to this point there has been no

2  such showing or indication, and typically in these cases it

3  is the plaintiff who is the one that needs the discovery and

4  has the incentive to push things forward.

5        The discovery will be allowed as stated on the

6  record, it will be completed by April 28th, and we'll set a

7  status for the beginning of May.

8        THE CLERK:  May 4th, 9:00 a.m.

9        THE COURT:  Any questions?

10        MR. KABACINSKI:  No, your Honor.

11        MR. KAMIN:  No, your Honor.

12        MR. KABACINSKI:  Actually, just one.  If we do have

13  trouble keeping plaintiffs to the deadlines of responding to

14  our written discovery, should we file a motion with your

15  Honor?

16        THE COURT:  To compel?

17        MR. KABACINSKI:  To compel.

18        THE COURT:  I will leave that to you.  You can

19  always make the choice that you don't need the discovery and

20  you can go forward.  I would suggest that you keep a record

21  of the course of that, because that may impact things down

22  the road.  Certainly if you need to file a motion to compel,

23  there are other reasons you might want to do that, for

24  example, the cost of the motion seeking sanctions, et cetera,

25  that might make it a desirable option, but again, if you

1  choose to forego seeking the discovery, that's your client's

2  choice.  You should expect that I'm going to require

3  responses.  That's where we are today, is that each side is

4  going to be expected to respond to the outstanding discovery.

5          Mr. Kamin, I assume that you intend to respond?

6          MR. KAMIN:  Yes, I do, your Honor.

7          THE COURT:  Okay.  We have the date -- it was May

8  4th?

9          THE CLERK:  May 4th, 9:00 a.m.

10          THE COURT:  Thank you.

11          MR. KAMIN:  Thank you, your Honor.

12          MR. KABACINSKI:  Thank you.

13      (End of proceedings.)

14                  C E R T I F I C A T E

15

16      I certify that the foregoing is a correct transcript

17  from the record of proceedings in the above-entitled case on

18  March 30, 2017.

19

20

21  /s/Colette M. Kuemmeth
         Court Reporter

22

23

24

25