```
1                 IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
2                          EASTERN DIVISION

3    BRIAN HENDERSON, et al.,        )
                                     )
4                    Plaintiffs,     )
                                     )
5            -vs-                    )   No. 14 C 9905
                                     )
6    CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                     )   December 19, 2017
7                    Defendants.     )   9:00 a.m.

8                       TRANSCRIPT OF PROCEEDINGS
9              BEFORE THE HONORABLE ANDREA R. WOOD

10   APPEARANCES:

11   For the Plaintiffs:      LAW OFFICES OF SCOTT T. KAMIN
                              55 West Jackson Boulevard
12                            Chicago, Illinois  60604
                              BY:  MR. SCOTT T. KAMIN
13

14   For the Defendants:     CITY OF CHICAGO, DEPARTMENT OF LAW
                              30 North LaSalle Street
15                            Chicago, Illinois  60602
                              BY:  MR. BRET ANTHONY KABACINSKI
16

17

18

19              COLETTE M. KUEMMETH, CSR, RMR, FCRR
                       OFFICIAL COURT REPORTER
20                   219 South Dearborn Street
                            Room 1928
21                   Chicago, Illinois  60604
                         (312) 554-8931
22

23

24

25
```

1    (Proceedings heard in open court:)

2    THE CLERK:  14 CV 9905, Henderson versus City of

3    Chicago.

4    MR. KAMIN:  Good morning, your Honor.  Scott Kamin

5    for plaintiffs.

6    MR. KABACINSKI:  Good morning, your Honor.  Bret

7    Kabacinski for the defendants.

8    THE COURT:  Okay.  Good morning.  Mr. Kamin, is

9    your -- I guess it would be your response.  Is it ready to be

10    filed?

11    MR. KAMIN:  It's actually about two hours away from

12    being done.  I'm editing it now.

13    THE COURT:  Did you attempt to call defense counsel

14    to see if they would agree to the extension?

15    MR. KAMIN:  No, I did not.

16    THE COURT:  Why not?

17    MR. KAMIN:  Well, I seem to -- I don't seem to get

18    along very well with these attorneys.  That's why.

19    THE COURT:  Not getting along well with the

20    attorneys is not a reason to ignore the requirement that you

21    reach out to them.  And in fact, if they are nonresponsive,

22    or refuse to agree to a reasonable request, it only puts you

23    in a better light because it makes them seem like they're the

24    ones being difficult and obstructive, and my expectation is

25    that even if there have been difficult times in the past in

1  the case that the attorneys will do their best to rise above

2  that and continue to be professional and courteous in

3  extending extensions, particularly since your reason for

4  asking for more time is a medical condition.  Certainly I

5  would expect reasonable professional courtesy from the

6  defense.

7       So in the future please do ask.  And if they would

8  have agreed you wouldn't have needed to appear most likely.

9  Now, I don't know if they would have agreed, I guess I'll

10  find out in a minute, because there is a history here of

11  issues with deadlines, which I assume is one of the reasons

12  why you may have thought it was futile to ask if they agreed,

13  but let me find out from defense counsel.

14       Is there an objection to allowing them to file

15  their response essentially instanter?

16       MR. KABACINSKI:  With the risk of sounding

17  obstructionist or unreasonable, yes, your Honor, there is.

18  As your Honor knows, there have been multiple issues in this

19  case, multiple issues with this motion and plaintiffs'

20  counsel not filing his response on time.

21       Our motion was originally due October 13th.  We

22  filed it the day before.  His response was originally due

23  November 13th.  On that day he filed an extension asking for

24  another week.  He was granted that extension.  He had until

25  the 22nd to file his response.  He filed nothing.  Not a

1    request for an extension, not his response, until we filed

2    our reply the day that it was due on December 11th, and then

3    the day after that, again without asking us, without

4    consulting us, out of nowhere, then he files his motion for

5    more time until yesterday.

6          We have not seen a draft of this.  I don't know if

7    there is a proposed response from the plaintiff.  Again, his

8    motion asked for an extension to yesterday.  Nothing has

9    appeared on the docket.  So just given the history of this

10   case and given the history of this motion, we do object to

11   this, and we think that it's simply too late.

12        THE COURT:  Mr. Kamin, you indicated that, as I

13   said, that your issues from your head injury had not been

14   resolved as quickly as you thought they would be.

15        MR. KAMIN:  Yes.

16        THE COURT:  When were you in a condition where you

17   were able to put together this draft that is going to be

18   completed within the next couple of hours?

19        MR. KAMIN:  I was -- let's see.  When was I, or

20   when am I?

21        THE COURT:  Are you in a position today to be able

22   to complete it?

23        MR. KAMIN:  Yeah.  Today I will file it, yes.  If

24   you allow me to file it.

25        THE COURT:  Were you yesterday?

1          MR. KAMIN:  I'm sorry, I didn't quite finish it.

2     That's all.

3          THE COURT:  Because your motion did ask for an

4     extension until December 18th, even though you noticed the

5     motion for today.  So were you unable to meet the deadline

6     that you asked for yesterday?

7          MR. KAMIN:  Yes, your Honor.  I expected to have it

8     done yesterday.

9          THE COURT:  Will you be able to file your response

10    by the close of business, 5:00 p.m. today?

11         MR. KAMIN:  Yes, I will, your Honor.

12         THE COURT:  In the spirit of the holidays I am

13    going to grant the request.  The extension is until 5:00 p.m.

14    central time on December 19th.  File your response.

15         If it is late, Mr. Kamin, I'm going to have to

16    strike it and take the motion as unopposed.  I would prefer

17    not to do that, because it's not deciding the case on the

18    merits, and it punishes your clients for an issue that I have

19    no reason at this point to believe is their fault.  But due

20    to the history of the case, I think a firm deadline is needed

21    here.  So I'm going to assume that it's going to be filed

22    today, December 19th.

23         How much time is needed for a new reply that

24    addresses the arguments?

25         MR. KABACINSKI:  Just given the timing of the

1    holidays we would ask for two weeks, your Honor.

2              THE COURT:  Two weeks would take you until January

3    2nd.  Would you like to push that a little further?

4              MR. KABACINSKI:  So if we could have until the end

5    of that week.

6              THE COURT:  January 5th.

7              MR. KABACINSKI:  That's perfect.

8              THE COURT:  So the reply will now be done by

9    January 5th.  Okay.  And then the briefing will be closed.  I

10   will take everything under advisement for a ruling on the

11   merits.

12             Enjoli, let's get a status date.

13             THE CLERK:  3/8 at 9:00 a.m.

14             MR. KABACINSKI:  Thank you, your Honor.

15             THE COURT:  Thank you, Counsel.

16             MR. KAMIN:  Thank you, your Honor.

17         (End of proceedings.)

18                 C E R T I F I C A T E

19

20        I certify that the foregoing is a correct transcript

21   from the record of proceedings in the above-entitled case on

22   December 19, 2017.

23

24   /s/Colette M. Kuemmeth
        Court Reporter

25